IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50289
Conference Calendar
_____

TYLER ELLIS CUMMINGS,

                                        Petitioner-Appellant,

versus

L.E. FLEMING, Warden -
Federal Correctional Institution Bastrop,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-97-CV-735
- - - - - - - - - -
October 22, 1998

Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Tyler Cummings (federal prisoner #56469-065) appeals the

denial of his 28 U.S.C. § 2241 petition.  He argues that the

application of amended 28 C.F.R. § 550.58 and Bureau of Prisons

Program Statement 5330.10 to him violated the Ex Post Fact Clause

by rendering him ineligible for a sentence reduction.  After

reviewing the record and the briefs of the parties, we AFFIRM.

     Cummings was convicted of conspiring to distribute cocaine

through January 1993.  Subsection (e) of 18 U.S.C. § 3621, which

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

created the program giving the BOP the discretion to reduce the sentences of eligible prisoners who complete a comprehensive drug-abuse treatment program, was not enacted until September 13, 1994, approximately 21 months after Cummings conspired to distribute cocaine. See Royal v. Tombone, 141 F.3d 596, 603 (5th Cir. 1998). A sentence reduction for participation in a drug-abuse treatment program was not even available to Cummings when he conspired to distribute cocaine. Accordingly, amended § 550.58 and Program Statement 5330.10, as applied to Cummings, did not violate the Ex Post Facto Clause because they are not "more onerous than the law in effect **on the date of [Cummings']** **offense**." See Weaver v. Graham, 450 U.S. 24, 30-31 (1981) (emphasis added); see also Royal, 141 F.3d at 603; Wottlin v. Fleming, 136 F.3d 1032, 1037-38 (5th Cir. 1998).

AFFIRMED.